Ms. Linda Dickerson Administrative Services Division of Children Family Services Department of Human Services P.O. Box 1437, Slot 626 Little Rock, AR 72203-1437
Dear Ms. Dickerson:
This is in response to your request, received July 15, 1996, for an opinion pursuant to A.C.A. § 25-19-105(c)(3) (Repl. 1992 and Supp. 1995), part of the Arkansas Freedom of Information Act ("FOIA"), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General stating whether the custodian's decision regarding release of the records is consistent with the FOIA. You are employed by the Department of Human Services ("DHS"), Division of Children and Family Services, as a Management Project Analyst II for the Assistant Director of Administrative Services Section. You state that you have been informed by the Office of Chief Counsel of DHS that your "Performance Evaluation," conducted yearly in accordance with the Personnel Performance Evaluation System ("PPES") has been requested for release under the FOIA. It is my understanding that DHS plans to release the evaluation. You have asked whether your evaluation is subject to public inspection under the FOIA.
Employee evaluation and job performance records are open for public inspection only if a final administrative decision has been made to suspend or terminate the employee, the records form a basis for the suspension or termination decision, and there is a "compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1) (Supp. 1995).See also J. Watkins, The Arkansas Freedom of Information Act 131 (2nd ed. 1994). I assume, as an initial matter, that the "Performance Evaluation" is in fact an evaluation or job performance record. These terms are not defined in the FOIA. Clearly, however, formal evaluations which assess an employee's past performance and records of employee performance used in preparing the evaluations are included. The ArkansasFreedom of Information Act, supra at 132.
It should perhaps be noted in this regard that some confusion may have been generated by certain language in the case of Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992), that appears to suggest that the records will not fall within the exemption for evaluation or job performance records if there has been no suspension or termination decision. Young
involved promotional examination records, which were reviewed under the "personnel records" exemption (A.C.A. § 25-19-105(b)(10)). After noting the appellee's (City of Little Rock) position that the requested records were exempt as "personnel records" which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy (see subsection (b)(10) of § 25-19-105), the court stated:
 We note that section 25-19-105(c)(1), the exemption for employee evaluation or job performance records, is not applicable here because there was no suspension or termination involved.
308 Ark. at 597.
As noted by a recognized commentator on the FOIA, however, the fact that there was no suspension or termination in Young "is quite beside the point. . . ." Watkins, The Arkansas Freedom of Information Act, supra at 206 n. 323. Professor Watkins goes on to state: "Although evaluation and job performance records are exempt unless, among other things, there has been a suspension or termination, the fact that no such action has occurred hardly means that documents are not evaluation or job performance records." Id. Professor Watkins is undoubtedly correct. As he notes, generally, regarding the evaluation records exemption:
 The exemption for evaluation records reflects the public interest in maintaining an effective public employee evaluation system as well as the privacy interests of employees. Without an exemption for such records, supervisory personnel who perform the evaluations may not be candid in assessing employee performance. Also, routine disclosure of the records could undermine one important objective of the evaluation process — identification of weaknesses with an eye toward fostering improvement — by revealing an employee's deficiencies before he has an opportunity to correct them. The evaluation exemption serves the same purpose as the exemption in Section 25-19-106 of the FOIA that permits a governing body to hold a closed meeting to discuss personnel matters, a provision that dates to the act's passage in 1967.
Id. at 131-132.
It thus become apparent that the exemption for evaluation records would essentially be nullified if evaluation or job performance records were routinely disclosed, with the exemption only applying in the event of termination or suspension. This would run counter to the purpose of the exemption and, in my opinion, the court would so hold if squarely faced with the question. The language in Young, noted above, appears to be dicta. The records in question (promotional exams) were personnel records, not evaluation or job performance records, because the did not assess past performance. The Arkansas Freedom of Information Act, supra
at 206 n. 323.
With regard to the "Performance Evaluation" in question, I do not know the basis for the custodian's decision to release the record. As noted above, it is my opinion that the Young case is not determinative. A yearly evaluation, conducted for the purpose of assessing the employee's past performance, is in my opinion generally covered by §25-19-105(c)(1). In the absence of suspension or termination, the record is exempt from public inspection. Thus, assuming that you have been neither suspended nor terminated, it is my opinion that your evaluation should not be released.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh